**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>TOMTOM, INC.,<br><br>    Defendant. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird Technologies") hereby alleges for its Complaint for Patent Infringement against TomTom, Inc., on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

THE PARTIES

1. Plaintiff Blackbird Technologies is a limited liability company organized under the laws of Delaware, with its principal place of business located at One Boston Place, Suite 2600, Boston, MA 02108.

2. Defendant TomTom, Inc. ("TomTom") is a corporation organized and existing under the laws of the state of Massachusetts, with its principal place of business located at 150 Baker Avenue Extension, Concord, MA 01742.

3. Defendant transacts substantial business, either directly or through agents, on an ongoing basis in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code §§ 100, *et seq*.

5. Subject-matter jurisdiction over Blackbird Technologies' claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

6. This Court has personal jurisdiction over Defendant because, inter alia, Defendant has established minimum contacts with this forum. Defendant regularly conducts business in the district, including by selling and/or offering to sell products, such as fitness trackers, in the state of Delaware. For example, Defendant uses product dealers and distributors in the United States to offer to sell and sell fitness trackers in Delaware, among other states, including tomtom.com, amazon.com, and Dick's Sporting Goods.

7. Defendant's actions constitute patent infringement in this District in violation of 35 U.S.C. § 271, and Defendant has placed infringing products into the stream of commerce, with the knowledge and understanding that such products are sold and/or offered for sale in this District. The acts by Defendant have caused injury to Blackbird Technologies within this District.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and § 1400(b) and because Defendant transacts business within this District and has sold and/or offered for sale in this District products that infringe claims of U.S. Patent No. 6,434,212.

## BACKGROUND

9. Defendant's product line includes the TomTom Runner, Runner 2 and Multi-Sport GPS sports watches.

10. Defendant's manufacture, use, offer for sale, sales and/or importation of the TomTom Runner and Multi-Sport GPS sports watches infringe one or more claims of the Patent-in-Suit.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,434,212

11. Blackbird Technologies reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

12. On August 13, 2002, U.S. Patent No. 6,434,212 (the "212 Patent") entitled "Pedometer," a true and correct copy of which is attached hereto as Exhibit 1, was duly and legally issued by the U.S. Patent and Trademark Office. Blackbird Technologies is the owner by assignment of all right, title, and interest to the 212 Patent, including all rights to recover for any and all infringement thereof. The 212 Patent is valid and enforceable.

13. The 212 Patent concerns pedometers and exercise monitoring devices. A pedometer or other exercise monitoring device is not a general purpose computer. At the time of invention, those working in the field knew that it would be useful for pedometers and other exercise monitoring devices to track various fitness-related activities, such as the distance travelled by a person wearing or otherwise carrying the device while travelling by foot. However, although some exercise monitoring devices known at the time of invention could estimate distance travelled, they utilized many various designs to do so, with highly varying degrees of accuracy.

14. The designs claimed in the 212 Patent represent specific improvements to the exercise monitoring device itself – including, in Claims 2 and 5, a step counter and heart rate monitor joined to a strap used to releasably secure the exercise monitoring device to the user – as well as to the technological processes relied upon by such devices to estimate distance travelled.

15. With respect to foot travel, the length of a person's stride (stride length) generally varies with how many strides the person is taking over a given period of time (stride rate). Moreover, the relationship between stride length and stride rate itself varies from person to person. Improvements claimed in the 212 Patent resulted from the inventor conceiving of specific design configurations for pedometers and other exercise monitoring devices that could effectively utilize these relationships to improve the accuracy of distance calculations by enabling the device to efficiently account for changes in a user's pace during a workout without losing accuracy in distance calculation. For example, pedometers and other exercising monitoring devices claimed in the 212 Patent include data processors, step counters, transmitters, and receivers arranged and programmed in specific ways in order to apply the relationship between stride length and stride rate and to accommodate the varying nature of that relationship across individuals, and ultimately in order to improve accuracy. Pedometers and other exercising monitoring devices claimed in the 212 Patent optionally further include componentry for supporting, performing, and utilizing a calibration function that effectuates the inventor's recognitions about variations in stride by analyzing input signals and performing calculations based on those signals.

16. Advantages for the user of pedometers embodying the claimed designs include convenience and accuracy. For the manufacturer, such advantages include lower costs of manufacturing.

Claim 6

17. Defendant has infringed literally and/or under the doctrine of equivalents one or more of the claims of the 212 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and/or elsewhere in the United States, the TomTom Runner and

Multisport watches, including cardio versions, which are covered by at least claim 6 of the 212 Patent.

18. The Runner and Multisport watches, including their cardio versions, are pedometers with a strap for releasably securing the device to a user. Ex. 2 (TomTom Runner Watches web site).

19. Runner and Multisport watches include a step counter joined to the strap. *See* Ex. 5 (Teardown) at 5.

20. The watches further include a data processor programmed to calculate the distance travelled by the user. Ex. 5 (Teardown) at 5.

21. The Runner and Multisport watches, at least when used on a treadmill, "register[] the number of times [the wearer] swing[s] [his or her] arm back and forth and how quickly. This matches the number of strides." Ex. 6 (TomTom Runner & Multi-Sport Reference Guide v. 1.8) at 18; Ex. 3 (GPS Watch Reference Guide) at 34.

22. At least for "treadmill activities," the Runner and Multisport watches use "the length of [the user's] stride" to take this step count and further calculate the distance travelled by a user. Ex. 3 (GPS Watch Reference Guide) at 34; Ex. 6 (TomTom Runner & Multi-Sport Reference Guide v. 1.8) at 18.

23. At least for "treadmill activities," the Runner and Multisport watches use the step count to calculate the pace of a user, therefore it must include a transmitter in communication with the step counter to generate a step count signal corresponding to each step and transmit the step count signal as well as a receiver to receive the step count signal transmitted from the transmitter. Ex. 3 (GPS Watch Reference Guide) at 34; Ex. 6 (TomTom Runner & Multi-Sport Reference Guide v. 1.8) at 18.

24. The receiver is mountable on a user body portion. Ex. 2 (TomTom Runner Watches web site).

25. Further, the watches "remind" users to provide calibrations for treadmill activities, which involves the user selecting "calibrate" from a menu and "changing the distance [shown] to match the distance shown on the treadmill." Ex. 3 (GPS Watch Reference Guide) at 34; Ex. 6 (TomTom Runner & Multi-Sport Reference Guide v. 1.8) at 18.

26. Through the calibration feature, "the distance measurements for [t]readmill activities become more accurate." Ex. 3 (GPS Watch Reference Guide) at 34; Ex. 6 (TomTom Runner & Multi-Sport Reference Guide v. 1.8) at 18.

27. Thus, the devices calculate a distance travelled by multiplying a number of steps counted by a stride length that varies according to a rate at which steps are taken, and are further programmed to derive an actual stride length from a range of stride lengths calculated from a range of corresponding stride rates, at least whenever a user utilizes this feature.

28. As such, at least claim 6 of the 212 Patent reads on the TomTom Runner and Multisport watches, including the cardio versions.

Claims 2 and 5

29. Further, Defendant has infringed literally and/or under the doctrine of equivalents one or more of the claims of the 212 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and/or elsewhere in the United States, the TomTom Runner and MultiSport Cardio watches ("the Cardio watches"), which are additionally covered by at least claims 2 and 5 of the 212 Patent.

30. The Cardio watches are exercise monitoring devices with a strap for releasably securing the device to a user. Ex. 2 (TomTom Runner Watches web site); Ex. 4 (Multi-Sport Cardio specs).

31. Both a step counter and a heart rate monitor are joined to the strap. Ex. 2 (TomTom Runner Watches web site); Ex. 5 (Teardown) at 2, 5; Ex. 4 (Multi-Sport Cardio specs).

32. The Cardio watches include a data processor programmed to calculate the distance travelled by the user. Ex. 5 (Teardown) at 5; Ex. 3 (GPS Watch Reference Guide) at 34; Ex. 6 (TomTom Runner & Multi-Sport Reference Guide v. 1.8) at 18.

33. The Cardio watches, at least when used on a treadmill, "register[] the number of times [the wearer] swing[s] [his or her] arm back and forth and how quickly. This matches the number of strides." Ex. 3 (GPS Watch Reference Guide) at 34; Ex. 6 (TomTom Runner & Multi-Sport Reference Guide v. 1.8) at 18.

34. At least for "treadmill activities," the Cardio watches use "the length of [the user's] stride" to take this step count and further calculate the distance travelled by a user. Ex. 3 (GPS Watch Reference Guide) at 34; Ex. 6 (TomTom Runner & Multi-Sport Reference Guide v. 1.8) at 18.

35. Further, the Cardio watches "remind" users to provide calibrations for treadmill activities, which involves the user selecting "calibrate" from a menu and "changing the distance [shown] to match the distance shown on the treadmill." Ex. 3 (GPS Watch Reference Guide) at 34; Ex. 6 (TomTom Runner & Multi-Sport Reference Guide v. 1.8) at 18.

36. Through the calibration feature, "the distance measurements for [t]readmill activities become more accurate." Ex. 3 (GPS Watch Reference Guide) at 34; Ex. 6 (TomTom Runner & Multi-Sport Reference Guide v. 1.8) at 18.

37. Thus, the Cardio watches utilize a plurality of calibrations as the basis for the determination of stride length as it varies with stride rate, at least when a user utilizes this feature.

38. As such, at least claims 2 and 5 of the 212 Patent read on the cardio versions of the TomTom Runner and Multisport watches.

### Damages

39. Blackbird Technologies is informed and believes, and on that basis alleges, that Defendant gained profits by virtue of its infringement of the 212 Patent.

40. Blackbird Technologies has sustained damages as a direct and proximate result of Defendant's infringement of the 212 Patent.

41. As a consequence of Defendant's infringement of the 212 Patent, Blackbird Technologies is entitled to recovery of damages in the form of, at a minimum, a reasonable royalty.

### PRAYER FOR RELIEF

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against Defendant, as follows:

A. Adjudging that the 212 Patent is valid and enforceable;

B. Adjudging that Defendant has infringed one or more claims of the 212 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271;

C.      An award of damages to be paid by Defendant adequate to compensate Blackbird Technologies for its past infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Blackbird Technologies for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D.      Ordering Defendant to continue to pay royalties to Blackbird Technologies for any continuing or future infringement of the 212 Patent on a going-forward basis;

E.      Awarding Blackbird Technologies pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

F.      Blackbird Technologies be granted such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Blackbird Technologies demands a trial by jury on all claims and issues so triable.

| | |
|---|---|
| Dated:  August 8, 2016 | STAMOULIS & WEINBLATT LLC |
| OF COUNSEL | */s/ Stamatios Stamoulis*<br>Stamatios Stamoulis #4606<br>  stamoulis@swdelaw.com<br>Richard C. Weinblatt #5080<br>  weinblatt@swdelaw.com<br>Two Fox Point Centre<br>6 Denny Road, Suite 307<br>Wilmington, DE 19809<br>Telephone: (302) 999-1540 |
| Christopher Freeman<br>cfreeman@blackbird-tech.com<br>Wendy Verlander<br>wverlander@blackbird-tech.com<br>Deborah Yates<br>dyates@blackbird-tech.com<br>Blackbird Tech LLC d/b/a<br>Blackbird Technologies<br>One Boston Place, Suite 2600<br>Boston, MA 02108<br>617.307.7100 | *Attorneys for Plaintiff*<br>*Blackbird Tech LLC*<br>*d/b/a Blackbird Technologies* |