# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> TOMTOM, INC., <br><br> Defendant. | Case No. 1:16-cv-00687-GMS |

## TOMTOM INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**BLANK ROME LLP**
Larry R. Wood, Jr. (DE #3262)
*LWood@BlankRome.com*
Adam V. Orlacchio (DE #5520)
*Orlacchio@BlankRome.com*
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 425-6400

Dated: October 20, 2016

*Attorneys for Defendant, TomTom, Inc.*

## **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................................... 1

II. SUMMARY OF THE ARGUMENT ...................................................................................... 1

III. CONCISE STATEMENT OF FACTS .................................................................................... 1

IV. LEGAL STANDARD .............................................................................................................. 2

V. ARGUMENT ............................................................................................................................ 4

VI. CONCLUSION ........................................................................................................................ 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asghari-Kamrani v. United Servs. Auto. Ass'n*,
  No. 2:15-CV-478, 2016 WL 1253533 (E.D. Va. Mar. 22, 2016)..............................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................2, 3, 5

*Atlas IP, LLC v. Exelon Corp.*,
  No. 15 C 10746, 2016 WL 2866134 (N.D. Ill. May 17, 2016) ...............................3

*Atlas IP, LLC v. Pac. Gas & Elec. Co.*,
  No. 15-CV-05469, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016)..............................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................2, 3

*Nexeon Ltd. v. Eaglepicher Techs., LLC*,
  No. CV 15-955, 2016 WL 4045474 (D. Del. July 26, 2016) ...................................3

*Raindance Techs., Inc. v. 10x Genomics, Inc.*,
  No. CV 15-152, 2016 WL 927143 (D. Del. Mar. 4, 2016)......................................3, 6

*TeleSign Corp. v. Twilio, Inc.*,
  No. CV 16-2106, 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016)..............................3

*Wi-Lan, Inc. v. Apple, Inc.*,
  811 F.3d 455 (Fed. Cir. 2016)................................................................3

**I.      NATURE AND STAGE OF THE PROCEEDINGS**

On August 30, 2016, Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird") effected service (D.I. 5) of a patent infringement Complaint (D.I. 1, "Complaint") on Defendant TomTom, Inc. ("TomTom"). Blackbird accuses TomTom of allegedly infringing at least claims 2, 5, and 6 of U.S. Patent No. 6,434,212 ("the '212 patent"). *Id*. On September 20, 2016, this Court entered a stipulated order extending TomTom's time to respond until October 20, 2016. D.I. 7.

TomTom has filed a motion under Federal Rules of Civil Procedure 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief can be granted, and respectfully submits this opening brief in support of that motion.

**II.     SUMMARY OF THE ARGUMENT**

Blackbird's Complaint pleads only conclusory and unsupported allegations that TomTom is directly infringing the asserted claims. Blackbird's Complaint fails to identify any facts sufficient to support even an inference of infringement of the asserted claims. This Court has dismissed similarly deficient complaints that lacked factual support for each claim element of an asserted claim. Blackbird's Complaint evidences no good faith basis for the suit, and should be dismissed.

**III.    CONCISE STATEMENT OF FACTS**

Blackbird's Complaint alleges that TomTom directly infringes at least claims 2, 5, and 6 ("the asserted claims") of the '212 patent. The '212 patent relates to electronic devices that count the number of steps a user takes and calculate the distance the user travels. The '212 patent allegedly improves on prior art devices by providing better distance calculations.

According to the patent, "[t]he invention recognizes the interdependency of stride length and stride rate and uses that relationship to provide superior distance-calculating accuracy." D.I. 1-1, at 2:23-26. The '212 patent uses this relationship to dynamically update the stride length with a user's stride rate during an activity because, as the '212 patent admits was well known, a user's stride length changes with the user's stride rate. According to the '212 patent, "the faster a user is moving, the longer will be the stride length. Over the course of the run or walk, the user's step rate and, therefore, stride length will change and the user will cover more ground when moving fast and less ground when moving slow." D.I. 1-1, at 4:12-18.

As such, each asserted claim requires a processor programmed to calculate a distance traveled by multiplying a number of steps counted by a step counter by a stride length *that varies in accordance with a stride rate*. In addition, each asserted claim further recites *how* the stride length is varied: claim 2 determines the stride length "with reference to a plurality of calibrations that each calculate a stride length as a function of a known stride rate"; claim 5 "derive[s] the stride length from a range of stride lengths calculated from a range of corresponding stride rates calculated from a plurality of calibration samples"; and claim 6 "derive[s] an actual stride length from a range of stride lengths calculated from a range of corresponding stride rates." D.I. 1-1, at 7:11-14; *Id*. at 8:1-4; *Id*. at 8:17-19. Thus, the asserted claims not only require a stride length that varies, but they additionally require that the stride length varies according to a range of stride rates or a plurality of calibrations each based on a known stride rate.

IV.  **LEGAL STANDARD**

A complaint should be dismissed under Rule 12(b)(6) when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "mere possibility of misconduct" is not enough. *See Ashcroft v. Iqbal*, 556 U.S.

662, 679 (2009). A complaint that alleges facts merely consistent with liability "stops short of the line between possibility and plausibility" and should be dismissed. *Twombly*, 550 U.S. at 546. "A claim has facial plausibility when a plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Nexeon Ltd. v. Eaglepicher Techs., LLC*, No. CV 15-955, 2016 WL 4045474, at *2 (D. Del. July 26, 2016) (citing *Iqbal*, 556 U.S. at 678). A pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Until recently, some courts have held that claims of direct infringement were sufficiently plead if they complied with Form 18. However, "[e]ffective December 1, 2015, Form 18 was abrogated, leaving direct infringement claims subject to the *Twombly* and *Iqbal* pleading standard." *Nexeon Ltd.*, 2016 WL 4045474, at *3. *See also Raindance Techs., Inc. v. 10x Genomics, Inc.*, No. CV 15-152, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016) (applying the *Twombly*/*Iqbal* pleading standard to dismiss an amended patent infringement complaint).

To be liable for direct infringement, an accused device must practice all elements of a patent claim. *See Wi-Lan, Inc. v. Apple, Inc.*, 811 F.3d 455, 463 (Fed. Cir. 2016). Thus, consistent with the *Twombly*/*Iqbal* pleading standard, a plaintiff must allege facts to support infringement of each claim element. *See Raindance*, 2016 WL 927143 (dismissing complaint that failed to provide facts to support infringement of at least one claim element). *See also TeleSign Corp. v. Twilio, Inc.*, No. CV 16-2106, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) ("[I]n the post-Form 18 world, a plaintiff must include allegations sufficient to 'permit [the] court to infer that the accused product infringes each element of at least one claim.'") (quoting *Atlas IP, LLC v. Exelon Corp.*, No. 15 C 10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016)); *Asghari-Kamrani v. United*


*Servs. Auto. Ass'n*, No. 2:15-CV-478, 2016 WL 1253533, at *4 (E.D. Va. Mar. 22, 2016) (dismissing complaint where plaintiffs failed "to identify with sufficient particularity how each allegedly infringing feature of [the accused device] infringes the patent"); *Atlas IP, LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469, 2016 WL 1719545, at *4 (N.D. Cal. Mar. 9, 2016) ("Because the complaint entirely fails to address [a] necessary element of claim 1, the claim fails as pled.").

**V.     ARGUMENT**

Blackbird alleges that TomTom directly infringes the asserted claims either literally or under the doctrine of equivalents. However, Blackbird fails to identify any "factual content" that can support a reasonable inference that the accused devices meet each limitation of any of the asserted claims. Accordingly, Blackbird's claims fail to meet the *Twombly/Iqbal* pleading standard and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Exemplary claim 6 requires, among other elements, "a data processor programmed to calculate a distance traveled by multiplying a number of steps counted by a stride length *that varies according to a rate at which steps are taken*, and further programmed to derive an actual stride length *from a range of stride lengths calculated from a range of corresponding stride rates*." D.I. 1-1, at 8:13-19 (emphasis added).[1]

Blackbird notably fails to include any specific allegation of how the accused devices practice the above-quoted claim elements. Blackbird alleges that the accused devices count the number of strides a user takes, use a length of the user's stride to calculate distance, and become more accurate by calibrating the distance to match the distance shown on the treadmill. D.I. 1, at

---

[1] Claims 2 and 5 recite similar claim language, generally requiring a stride length that varies in accordance with stride rate, where the stride length is calculated with reference to a range or plurality of stride rates. Due to the common core of the claim language, and Blackbird's reliance on the same evidence, each asserted claim will be treated together.

¶¶ 21-22, 25-26, 33-36. Without ever mentioning stride rate, a critical claim element present in each asserted claim, Blackbird leaps to the conclusion that the accused devices "calculate a distance traveled by multiplying a number of steps counted by a stride length *that varies according to a rate at which steps are taken*, and are further programmed to derive an actual stride length *from a range of stride lengths calculated from a range of corresponding stride rates*."[2] D.I. 1, at ¶ 27 (emphasis added). As such, Blackbird's allegations are no more than a "'naked assertion' devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 554).

Blackbird's failure to mention stride rate is no mere oversight; its exhibits provide no suggestion or inference at all that a stride rate is used to calculate a stride length. In fact, Blackbird's own exhibits suggest the opposite finding: that the accused devices calculate a stride length independent of stride rate. Exhibits 3 and 6 explain that the accused devices "*use[]your height to calculate the length of your stride*, and from this the distance you have run and your pace." D.I. 1-3, at 34; D.I. 1-6, at 18 (emphasis added). The exhibits further explain that in order to increase the accuracy of the distance calculations, a user may calibrate the accused devices by simply entering the distance displayed on the treadmill into the accused device. D.I. 1-3, at 34; D.I. 1-6, at 18-19. Aside from these instances, Blackbird's exhibits provide no additional insight of how the accused devices calculate distance. In particular, the exhibits fail to provide even a scintilla of evidence that a stride rate is used to calculate a stride length. Blackbird thus provides no basis for its belief that the accused devices meet each claim element of any asserted claim.[3]

---

[2] As to claims 2 and 5, Blackbird concludes the accused devices "utilize a plurality of calibrations as the basis for the determination of stride length as it varies with stride rate." D.I. 1, at ¶ 37.

[3] Blackbird additionally fails to provide any factual evidence that TomTom is alternatively infringing the claims under the doctrine of equivalents. Instead, Blackbird offers only the legal conclusion that TomTom "has infringed literally and/or under the doctrine of equivalents." D.I. 1, at ¶¶ 17, 29.

Blackbird's Complaint is analogous to a similarly deficient complaint that this Court dismissed in *Raindance*, 2016 WL 927143, at *2. In *Raindance*, an asserted claim required, among other elements, "applying *a same constant pressure* to the carrier fluid in each of the immiscible carrier fluid channels; and *adjusting pressure* in one or more of the aqueous fluid channels . . . ." *Id*. (emphasis added). This Court dismissed plaintiffs' complaint in its entirety, finding "nothing in the complaint . . . that hints at the role of pressure in Defendant's products." *Id*. Thus, "[p]laintiffs [did] not plausibly allege[] any infringement." *Id*. at 3. Here too, nothing in the Complaint hints at the role of a specific claim element (stride rate) in TomTom's accused devices. Here too, plaintiff Blackbird has not plausibly alleged any infringement.

## VI. CONCLUSION

Blackbird fails to allege a plausible factual basis for TomTom's alleged direct infringement of the '212 patent. Accordingly, TomTom respectfully requests that the Court dismiss all of Blackbird's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: October 20, 2016     **BLANK ROME LLP**

*/s/ Adam V. Orlacchio*
By: Larry R. Wood, Jr. (DE #3262)
*LWood@BlankRome.com*
Adam V. Orlacchio (DE #5520)
*Orlacchio@BlankRome.com*
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 425-6400

*Attorneys for Defendant, TomTom, Inc.*